UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER D. TURNER,

    Petitioner,

  v.                                      Case No. 25-C-622
                                               Criminal Case No. 24-CR-23

UNITED STATES OF AMERICA,

    Respondent.

---

**DECISION AND ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

---

       Petitioner Christopher D. Turner was charged with two counts of distribution of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts One and Two), one count of possession of fentanyl and cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three), one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) (Count Four), one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five), and one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count Six). On April 19, 2024, Turner pled guilty to Counts Four, Five, and Six. Counts One, Two, and Three were dismissed based on the government's motion. On August 13, 2024, the court imposed a sentence of 90 months as to Counts Four and Six to run concurrent with each other and 60 months as to Count Five to run consecutive to Counts Four and Six, for a total term of 150 months imprisonment, and a total of eight years of supervised release. Judgment was entered on August 14, 2024. Turner did not pursue a direct appeal but, on April 28, 2025, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

In his § 2255 motion, Turner asserts three ineffective assistance of trial counsel claims. First, Turner alleges that counsel provided ineffective assistance when she failed to file a motion for a *Franks* hearing because the search warrant and affidavit improperly stated that the Menasha residence police searched belonged to Turner and omitted that his girlfriend, M.H., owned and occupied it. Second, Turner claims that counsel provided ineffective assistance by failing to file a motion to suppress the drug-and-firearm evidence seized during the execution of the search warrant, based on the supposed lack of probable cause. Third, Turner asserts that counsel provided ineffective assistance by failing to file a Rule 702/*Daubert* motion to contest that Turner's DNA was identified on the two 9-mm pistols and fentanyl packaging seized from the Menasha residence. For the following reasons, Turner's motion will be denied.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish both that his attorney's performance fell below an objective standard of reasonableness and that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particularized act or omission of counsel was unreasonable." *Id.* at 689. For this reason, the Supreme Court has made clear that "judicial scrutiny of counsel's performance must be highly deferential." *Id.* That is, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Turner asserts that his trial counsel was ineffective in failing to file a motion for an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and a motion to suppress evidence obtained during the execution of the search warrant. "*Franks* requires the suppression

2

of evidence obtained by virtue of a warrant procured through knowing or reckless deception." *See Lickers v. United States*, 98 F.4th 847, 854 (7th Cir. 2024) (citing *Franks*, 438 U.S. at 155–56). "To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing (1) that the warrant application contained a material falsity or omission that would alter the issuing judge's probable cause determination, and (2) that the affiant included the material falsity or omitted information intentionally or with a reckless disregard for the truth." *United States v. Bacon*, 991 F.3d 835, 841 (7th Cir. 2021) (internal quotation marks and citation omitted).

Turner contends that a *Franks* hearing was required because the affidavit improperly asserts that the Menasha residence is a residence belonging to Turner. *See* Dkt. No. 1 at 5. Yet, the search warrant and affidavit accurately stated that the residence was "occupied by" Turner, not that it belonged to him. Dkt. No. 3-1 at 1, 4. Turner maintains that he told counsel that he did not reside at the Menasha residence, but he concedes that he "stayed overnight" at the residence "approximately 23-times." Dkt. No. 1 at 8.

Turner also asserts that the affidavit improperly omitted "the most important fact that the address is 'owned and occupied by [his] girlfriend, [M.H.]." *Id.* at 5. But the fact that the search warrant and affidavit did not list M.H. as the owner and occupier of the residence is immaterial to the probable cause determination. The probable cause determination "is a 'practical, common-sense' one based upon the totality of the circumstances, and exists for a search warrant when those circumstances indicate even a fair probability that contraband or evidence of a crime will be found in a particular location." *United States v. Vines*, 9 F.4th 500, 510 (7th Cir. 2021) (citations omitted).

The affidavit did not need to mention that M.H. owned the Menasha residence because it was Turner's drug-distribution activities and their connection to the residence that provided probable cause for the search. The affidavit set forth "sufficient facts to induce a reasonably

3

prudent person that a search [would] uncover contraband or evidence of a crime." *United States v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006) (citation omitted). It summarized the Lake Winnebago Area Metropolitan Enforcement Group-Drug Unit's weeks-long investigation of Turner. The affidavit contained information provided by two confidential informants, described two controlled buys from Turner connected to the residence, and discussed the agents' physical surveillance and installation of a GPS tracking device that showed Turner routinely stayed overnight at the Menasha residence during the investigation period. Dkt. No. 3-1 at 6–12. Given these circumstances, the issuing judge reasonably determined that there was a "fair probability that contraband or evidence of a crime" would be found at the Menasha residence. *Vines*, 9 F.4th at 510. Turner has not shown that the warrant and affidavit contained false statements or provided a basis for undermining the search warrant. As a result, counsel was not ineffective in deciding not to pursue either a motion for a *Franks* hearing or a motion to suppress.

Turner further argues that trial counsel was ineffective when she did not file a Rule 702/*Daubert* motion to contest that Turner's DNA was identified on the two 9-mm pistols and fentanyl packaging seized from the Menasha residence. After Turner was arrested, agents obtained DNA buccal swabs from Turner and M.H. and swabbed for DNA on the pistols and fentanyl packaging found at the Menasha residence. The agents provided the swabs to a DNA laboratory for comparison. A forensic DNA analyst prepared a report concluding that there is "very strong support" that Turner's DNA was present on all items in predictive ratios in the billions, trillions, and quadrillions. Crim. Dkt. No. 46, ¶¶ 30–33. Turner asserts that trial counsel should have challenged the analysis conducted by the DNA analyst regarding "the two weapons found in [M.H.'s] bedroom," but he does not allege why trial counsel had any basis to dispute the DNA analyst's qualifications, methods, or conclusions. Turner merely argues that, had trial counsel challenged the methodology used to analyze the swabs, there would not have been admissible

4

DNA evidence. Because his petition lacks any factual allegations that support it, the claim will be dismissed. Turner has provided no basis to question the qualifications of the analyst who performed the DNA analysis, nor does he allege that a new analysis has yielded a different result. In short, he has failed to allege facts that would support his claim that counsel was ineffective in deciding not to pursue a *Daubert* motion. Absent any factual allegations to support them, Turner's claims must be dismissed.

For these reasons, Turner's § 2255 motion is denied and the case is dismissed. The clerk is directed to enter judgment dismissing the case. A certificate of appealability is denied. I do not believe that reasonable jurists would believe that Turner has made a substantial showing of the denial of a constitutional right. Turner is advised that the judgment entered by the clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal. *See* Fed. R. App. P. 3–4.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of July, 2025.

                          William C. Griesbach
                          United States District Judge

5

Case 1:25-cv-00622-WCG   Filed 07/28/25   Page 5 of 5   Document 4